**Creitz & Serebin LLP**

Joseph A. Creitz, Cal Bar No. 169552
joe@creitzserebin.com
Lisa S. Serebin, Cal Bar No. 146312
lisa@creitzserebin.com
250 Montgomery Street, Suite 1410
San Francisco, CA 94104
415.466.3090 (tel)
415.513.4475 (fax)

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| BENJAMIN M. LEVINE, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, in its capacity as fiduciary claims administrator and insurer of the Waste Management Holdings, Inc. Employee Health Benefits Plan, and the WASTE MANAGEMENT HOLDINGS, INC. EMPLOYEE HEALTH BENEFITS PLAN,<br>        Defendant. | Case No.: 16-cv-4404<br><br>COMPLAINT FOR BENEFITS AND FOR VIOLATIONS OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 ("ERISA") |

*LEVINE v. CIGNA*, No. 16-cv-4404
COMPLAINT                                    1

1   Now comes the Plaintiff, Benjamin M. Levine (hereinafter "Plaintiff"
2   or "Mr. Levine), who, for his Complaint, alleges as follows:

## JURISDICTION

3   1.   Jurisdiction of this Court is based on the Employee Retirement
Income Security Act of 1974, as amended ("ERISA"), and in particular,
ERISA §§ 502(e)(1) and (f), 29 U.S.C. §§ 1132(e)(1) and (f). Those
provisions give the district courts jurisdiction to hear civil actions brought
to recover benefits due under the terms of an employee welfare benefit
plan. In addition, this action may be brought before this Court pursuant to
28 U.S.C. § 1331, which gives the district courts jurisdiction over actions
that arise under the laws of the United States.

## VENUE

2.   Venue is proper under ERISA § 502(e)(2), 29 U.S.C. §1132(e)(2), in that the employee benefit plan that is the subject of Plaintiff's claims is administered in this District and/or the breaches described below occurred within the territorial limits of this District and/or one or more defendants may be found within the territorial limits of this District.

## PARTIES

3.   Plaintiff BENJAMIN M. LEVINE is, and at all times mentioned herein was, a participant and beneficiary, within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7), in the Waste Management Holdings, Inc. Employee Health Benefits Plan (the "PLAN"). Plaintiff is, and at all times mentioned herein was a resident of Oakland, Alameda County, California.

4.   Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY ("CIGNA") is the named Plan Administrator of the PLAN, as

1 that term is defined by ERISA § 3(16), 29 U.S.C. § 1002(16), and is a
2 fiduciary as that term is defined in ERISA § 3(21), 29 U.S.C. § 1002(21).

3     5.    The Defendant PLAN is, and at all times mentioned herein was,
4 an employee welfare benefit plan within the meaning of ERISA § 3(1), 29
5 U.S.C. § 1002(1), administered in California. The Plan is named as a
6 defendant in this action solely to ensure that complete relief can be
7 awarded.

8     6.    Defendant CIGNA, is, and at all times mentioned herein was, a
9 corporation formed under the laws of the state of Connecticut, with its
10 principal place of business in Hartford, Connecticut; licensed to do
11 business in California, and doing business throughout the state of
12 California. At all times relevant herein, the PLAN provided health benefits
13 to employees of the Employer, including Plaintiff, through an insurance
14 policy issued by CIGNA. CIGNA is a claim administrator and fiduciary
15 and is responsible for paying benefits under the Plan and making
16 decisions regarding eligibility for benefits under the Plan.  As such,
17 CIGNA is a plan administrator within the meaning of ERISA § 3(16), 29
18 U.S.C. § 1002(16).  As plan administrator, and as an entity that exercised
19 discretion over Plan administration and assets, CIGNA is, and at all times
20 mentioned herein was, a fiduciary within the meaning of ERISA § 3(21), 29
21 U.S.C. § 1002(21).  As a fiduciary that makes benefit determinations and
22 funds those same benefits, CIGNA operates under an inherent structural
23 conflict of interest.

## FACTUAL ALLEGATIONS

25     7.    Plaintiff is and at all times relevant hereto a participant and
26 beneficiary of the PLAN. On July 17, 2015, Plaintiff underwent an allograft

1  ACL reconstruction surgery on his knee, which required an allograft tissue
2  implant due to his history of anterior knee pain and patellar tendinitis. He
3  submitted a claim to CIGNA for the cost of the surgery in the amount of
4  $26,465.00.

5      8.    On October 26, 2015, CIGNA exercised its fiduciary discretion
6  over PLAN administration so as to deny payment of a portion of the claim
7  attributable to the allograft tissue implant. CIGNA denied the claim on the
8  basis that it implant was not medically necessary and therefore excluded
9  from coverage under the Plan. CIGNA's denial was made without
10 sufficient investigation of the claim, or any request for additional
11 information. The denial failed to articulate what specific additional
12 information Plaintiff could have or should have provided in order to
13 perfect his claim.

14     9.    Plaintiff contacted CIGNA by telephone upon receiving
15 CIGNA's claim denial, and was instructed by CIGNA's representative to
16 have his doctor's office submit copies of his medical records for a claim re-
17 submission. Plaintiff was instructed by CIGNA's representative to not pay
18 the balance owing on the claim to his doctor until CIGNA reviewed the
19 medical records and rendered a decision on the claim.

20     10.    Plaintiff did not receive any determination on the claim from
21 CIGNA, and on March 2, 2016, Plaintiff received a notice from a collection
22 agency that the doctor's bill for the unpaid portion of the claim was subject
23 to collection proceedings. Plaintiff contacted CIGNA immediately by
24 telephone and was informed by CIGNA's representative that CIGNA had
25 indeed received his medical records but his claim had not been re-
26 submitted to the claims process. CIGNA's representative told Plaintiff that

27
28 *LEVINE v. CIGNA*, No. 16-cv-4404
COMPLAINT                                     4

1  it was not necessary for him to appeal CIGNA's previous denial at that
2  time because the claim re-submission process had not yet been undertaken.
3  CIGNA's representative told Plaintiff that the claim would be immediately
4  re-submitted for an expedited claim review.
5         11.    On March 12, 2016, Plaintiff was contacted by CIGNA's
6  representative and was told that the claim had indeed been re-submitted in
7  October 2015 and Plaintiff should have been instructed to file an appeal.
8  On April 1, 2016, Plaintiff spoke with Kevin W., CIGNA's claim manager,
9  who instructed Plaintiff regarding the appeal process. Kevin W. instructed
10 Plaintiff to submit his appeal by April 26, 2016. Plaintiff submitted an
11 appeal on April 25, 2016. Plaintiff reasonably relied upon the
12 representations of CIGNA's representative in submitting his appeal.
13        12.    On May 6, 2016, Plaintiff received a letter dated April 29, 2016
14 from CIGNA stating that on May 2, 2016, his appeal was denied on the
15 grounds that it was untimely.
16        13.    Plaintiff has exhausted his administrative appeals, and satisfied
17 all other conditions precedent to suit.
18        14.    Plaintiff is informed and believes and thereon alleges that the
19 Plan does not confer discretionary authority upon CIGNA to interpret or
20 construe the Plan.  Further, California Insurance Code section 10110.6
21 renders discretionary clauses in insurance contracts void as a matter of law.
22 Therefore, the question of whether Plaintiff is eligible for benefits for his
23 implant under the Plan is to be determined by the court *de novo*.
24 / / /
25 / / /
26 / / /
27
28 *LEVINE v. CIGNA*, No. 16-cv-4404
   COMPLAINT                              5

## FIRST CAUSE OF ACTION

## (Claim for Benefits pursuant to ERISA § 502(a)(1)(B))

## (Against all Defendants)

15. Plaintiff realleges and incorporates by reference each of the allegations set forth above, as if fully stated herein.

16. ERISA § 503, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1 require every employee benefit plan, including an employee welfare benefit plan, to follow certain minimum procedures pertaining to claims for benefits and to provide "adequate notice in writing" to participants whose claims for benefits under a plan have been denied. 29 C.F.R. § 2560.503-1(b)(5) requires that claims procedures contain administrative processes and safeguards designed to ensure and verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, plan provisions have been applied consistently with respect to similarly situated claimants.

17. Employee benefit plans must further afford a reasonable opportunity for participants to receive a "full and fair review" after a claim for benefits has been denied. ERISA's claims regulation, 29 C.F.R. § 2560.503.1-(g) requires that communications denying benefits must be clear and presented in language that an ordinary participant can understand, and further requires plan administrators to inform participants in such communications what additional information they could should have provided in order to perfect their claim.

18. Employee benefit plans must afford participants 180 days following their receipt of an adverse benefit determination to appeal the termination. 29 C.F.R. §2560.503-1(h)(1) and (3)(i).

19. In committing the acts and omissions herein alleged, Defendants have violated ERISA § 503, 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1.

20. Defendant CIGNA's adverse benefit determination is contrary to the documents and instruments governing the PLAN, and is also inconsistent with the reasonable expectations of Plaintiff to receive benefits under the Plan based upon his claim.

21. As a result of the violations of ERISA and its regulations by CIGNA, and the Plan's failure to pay benefits to which Plaintiff is entitled, Plaintiff is entitled to recovery pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which permits recovery of benefits due under the terms of an employee benefit plan.

## SECOND CAUSE OF ACTION

**(Breaches of Fiduciary Duty Under ERISA § 502(a)(3))**

**(against Defendant CIGNA)**

21. Plaintiff realleges and incorporates by reference each of the allegations set forth above, as if fully stated herein.

22. ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), requires fiduciaries to discharge their duties solely in the interests of employee benefit plan participants and beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administering the plan.

23. ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), requires fiduciaries to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man

acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

24. ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

25. In committing the acts and omissions herein alleged, CIGNA breached its fiduciary duties in violation of ERISA §§ 404(a)(1)(A), (B) and (D), 29 U.S.C. §§ 1104(a)(1)(A)(B) and (D), entitling Plaintiff to appropriate equitable relief including but not limited to estopping CIGNA from refusing to consider Plaintiff's appeal on the grounds that that Plaintiff's appeal is untimely.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. For benefits under the Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

B. For appropriate equitable relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), including but not limited to a declaration of Plaintiff's rights hereunder with respect to Defendant CIGNA; estopping CIGNA from refusing to consider Plaintiff's appeal and surcharge for any pecuniary injuries Plaintiff has suffered as a consequence of Defendant CIGNA's breaches of its ERISA fiduciary duties;

C. For reasonable attorneys' fees and costs incurred by Plaintiff in the prosecution of this action pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1);

F. For pre-judgment interest and post-judgment interest on any

and all amounts awarded to Plaintiff; and

G.   For all such other relief as the Court deems appropriate and equitable.

DATED this 4th day of August 2016.

**Creitz & Serebin LLP**

By /s/ Joseph A. Creitz
    Joseph A. Creitz
    Attorneys for Plaintiff
    Benjamin M. Levine